1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STE. MICHELLE WINE ESTATES LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TIMBERLINE BREWING COMPANY, DBA TWISTED PINE BREWING COMPANY,<br><br>Defendant. | Case No. 2:15-cv-678<br><br>**COMPLAINT**<br><br>1. Federal Trademark Infringement<br>2. Federal Unfair Competition<br>3. Unfair Competition Under Washington State Common Law<br>4. Washington State Consumer Protection Violation<br>5. Common Law Trademark Infringement<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Ste. Michelle Wine Estates Ltd. ("Plaintiff" or "Ste. Michelle"), for its complaint against Defendant, Timberline Brewing Company, dba Twisted Pine Brewing Company ("Defendant" or "Timberline"), alleges as follows:

## I.    NATURE OF ACTION

1.      This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125(a)), the Washington State Consumer Protection Act, R.C.W. § 19.86, and common law trademark infringement and unfair competition, as the result of willful and

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter.   Plaintiff seeks permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## II.    THE PARTIES

2.     Plaintiff, Ste. Michelle Wine Estates Ltd., is a Washington corporation with its principal place of business located at 14111 NE 145th Street, Woodinville, Washington 98072.

3.     Upon information and belief, Defendant, Timberline Brewing Company, is a Colorado corporation with its principal place of business located at 3201 Walnut St., Ste. A, Boulder, Colorado 80301.

## III.    JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127.  This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §§1338(b) and 1367.

5.     Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of Washington and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of Washington and within this judicial district.  As a result of Defendant's actions, Plaintiff has sustained injury and damage within this judicial district. This Court therefore has both general and specific jurisdiction over the named Defendant.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district. Additionally, venue is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, the infringement occurred in this judicial district, and the harm sustained by Plaintiff has been and is incurred in this judicial district.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### IV.   ALLEGATIONS COMMON TO ALL CLAIMS

7.   Plaintiff is the owner of the trademark NORTHSTAR for wine, as well as the owner of the federal trademark registration for NORTHSTAR for wine, in International Class 33 (U.S. Trademark Registration No. 2,712,297), issued on May 6, 2003, with a first use date of September 5, 1997.  A true and correct copy of such registration as issued to Plaintiff's predecessor-in-interest is attached hereto as Exhibit A.

8.   Plaintiff's NORTHSTAR mark for wine is inherently distinctive as evidenced by the issuance of U.S. Trademark Registration No. 2,712,297.

9.   Plaintiff produces Washington wine under the NORTHSTAR mark, and Plaintiff offers this wine for sale to consumers in all fifty states throughout the U.S., including the State of Washington.  In 2014, Plaintiff produced over two hundred thousand (200,000) bottles of NORTHSTAR brand wine with a retail value of over eight million dollars ($8,000,000).  From 2010 through 2014, Plaintiff sold over eight hundred fifty thousand (850,000) bottles of NORTHSTAR brand wine nationwide resulting in sales in excess of thirty-five million dollars ($35,000,000).  Plaintiff at all relevant times has used and continues to use its NORTHSTAR mark in commerce.  A true and correct copy of the Trademark Status & Document Retrieval ("TDSR") Report of Plaintiff's NORTHSTAR mark, available through the United States Patent and Trademark Office at <https://tsdr.uspto.gov>, is attached hereto as Exhibit B.

10.   Plaintiff's NORTHSTAR wine has been favorably reviewed, including scores of 93 points in the *Wine Enthusiast* in 2015 and 92 points in *The Wine Spectator* in 2014.

11.   As evidenced by Plaintiff's sales and recognition for its NORTHSTAR wine, Plaintiff owns extremely valuable goodwill in its NORTHSTAR mark for wine, and the mark has extraordinary financial value.

12.   As a result of the wide, continuous distribution, promotion, and sale of Plaintiff's NORTHSTAR brand wine, the NORTHSTAR mark has also acquired distinctiveness among wine consumers.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

13.     Upon information and belief, Defendant has sold and distributed, and continues to sell and distribute NORTHSTAR brand beer to various consumers and retailers that sell alcohol beverage products throughout the U.S. and in Washington, including in this judicial district.  For example, Defendant's' NORTHSTAR beer is currently listed for sale along with NORTHSTAR wine on the websites of one or more internet wine retailers, such as <www.corkstork.com>.

14.     Upon information and belief, Defendant adopted the NORTHSTAR mark after Plaintiff's adoption, use and registration of its NORTHSTAR mark.

15.     Upon information and belief, Defendant was aware of Plaintiff's NORTHSTAR mark for wine at the time of adopting the mark NORTHSTAR for use on beer.

16.     On August 14, 2014, a Certificate of Label Approval ("COLA") from the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") was issued to Timberline for a beer keg label featuring the NORTHSTAR mark.

17.     On December 31, 2014, another Certificate of Label Approval from the TTB was issued to Timberline for a beer bottle label featuring the NORTHSTAR mark.

18.     Defendant's NORTHSTAR trademark is confusingly similar to Plaintiff's NORTHSTAR mark given that Defendant's NORTHSTAR mark is identical in appearance, sound and connotation to Plaintiff's NORTHSTAR mark, that the goods offered by Defendant under its NORTHSTAR mark are highly similar and related to the goods which Plaintiff offers under the NORTHSTAR mark, in that they are both alcohol beverage products.

19.     Upon information and belief, Defendant recently modified the label on its NORTHSTAR beer in order to increase visual emphasis on the NORTHSTAR mark itself in relation to its older NORTHSTAR beer label, thereby effectively exacerbating the likelihood of confusion.

20.     On or about February, 2015, Plaintiff learned of the NORTHSTAR COLA Application and sent Timberline a letter dated February 9, 2015, requesting that Timberline refrain from any further use of the NORTHSTAR mark on beer.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

21.     By letter dated February 19, 2015, Defendant responded to these requests by asserting that its common law rights date back to 2006, and that the matter was therefore closed.  A true and correct copy of the February 19 Letter is attached hereto as Exhibit C.

22.     Upon information and belief, Defendant continues to produce, promote, distribute, offer for sale, and sell beer bearing the NORTHSTAR mark in commerce, selling into multiple states (including Washington State) and shipping from multiple states of the United States, as well as, on the Internet.

23.     Upon information and belief, Defendant's NORTHSTAR beer is also featured on numerous websites available to the general public throughout the U.S. (including Washington State) such as <winesearcher.com>, <beeradvocate.com>, <ratebeer.com> and <craftbeer.com>.

24.     Defendant's use of the NORTHSTAR mark on beer is likely to confuse and mislead consumers into believing that the NORTHSTAR beer is affiliated with, associated with, connected to, or sponsored by Plaintiff or its well-established NORTHSTAR wine. Plaintiff will be harmed by such confusion and Defendant will unjustly benefit from such association.

25.     Defendant's infringing use of the NORTHSTAR mark has unjustly increased the profitability of Defendant's NORTHSTAR brand to the detriment of Plaintiff and at no cost to Defendant.

26.     Plaintiff will be further harmed as consumers will forego purchase of Plaintiff's NORTHSTAR wine as a result of reputational damage stemming, inter alia, from Defendant's use of the mark NORTHSTAR in connection with beer, resulting in a loss of sales to Plaintiff from Defendant's unfair competition.

27.     Defendant's continued infringing use of the confusingly similar NORTHSTAR mark will harm Plaintiff financially by diminishing the value of Plaintiff's NORTHSTAR mark and endangering the ability of Plaintiff's NORTHSTAR mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

28.     Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using the NORTHSTAR mark, wherefore Plaintiff is without adequate remedy at law.

29.     This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement under 15 U.S.C. §1114)**

30.     Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

31.     Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

**SECOND CAUSE OF ACTION**

**(Federal Unfair Competition under 15 U.S.C. §1125(a))**

32.     Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

33.     Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

34.     Defendant knew, or should have known of Plaintiff's rights, and Defendant's false description, false representation, and false designation of origin was knowing, willful, and deliberate, making this an exceptional case under 15 U.S.C. § 1117.

35.     Plaintiff has been, and will continue to be, damaged by such false description, false representation, and false designation or origin, and will continue to damage Plaintiff's rights, reputation, goodwill, and may discourage current and potential customers from dealing with Plaintiff.  Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter in a manner and amount that cannot be fully measured or compensated in economic terms.

36.     Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Unfair Competition Under Washington State Common Law)

37.     Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

38.     The improper use by Defendant of a name and mark confusingly similar to the name and mark of Plaintiff, Defendant's misappropriation of Plaintiff's name and mark, and other unfair activities constitute unfair competition and a violation of the common law rights of Plaintiff under the laws of the State of Washington.

39.     Defendants' above-averred actions also constitute a false designation of origin in violation of the common law rights of Plaintiff under the laws of Washington State.

40.     The foregoing activities were, and are, likely to cause confusion or mistake among consumers as to the origin or affiliation of Defendant's unauthorized sales. The unfair competition of Defendant has caused, and will continue to cause irreparable injury and damage to the business, reputation and goodwill of Plaintiff. Such irreparable injury will continue unless the acts of Defendant are enjoined during the pendency of this action and thereafter.

COMPLAINT (2:15-cv-678) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

41.     Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Violation of the Washington State Consumer Protection Act, RCW § 19.86)

42.     Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

43.     The use by Defendant of the infringing name and mark NORTHSTAR infringes Plaintiff's NORTHSTAR name and mark and constitutes an unfair or deceptive act or practice, specifically an unfair or deceptive method of competition in business in violation of the Washington Consumer Protection Act.  Such irreparable injury will continue unless the acts of Defendant are enjoined during the pendency of this action and thereafter.

44.     Defendant's use of Plaintiff's NORTHSTAR mark as described above has been, and continues to be, used in trade or commerce, as Defendant's products bearing the NORTHSTAR mark are available for purchase and have been purchased in several states, including, but not limited to, the State of Washington.

45.     Defendant's previous and continued use of Plaintiff's NORTHSTAR mark impacts the public interest of the citizens of the State of Washington, as such citizens are likely to be confused as to the source of the Defendant's products and/or whether such products are those of the Plaintiff, the Defendant, or both.  Additionally, Defendant's previous and continued use of Plaintiff's NORTHSTAR mark has and continues to occur in the course of Defendant's business, is part of a generalized course of conduct of the Defendant, has consistently occurred for a sustained period of time, and unless enjoined, will continue unabated.

46.     Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**FIFTH CAUSE OF ACTION**

**(Common Law Trademark Infringement)**

47.     Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

48.     Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of Washington State.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.     That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with it or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

 a.     Using the mark NORTHSTAR or any term or mark confusingly similar to the NORTHSTAR mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverage products, or products or services related to alcohol beverage products;

 b.     Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendant or that the goods of Defendant originate with Plaintiff or are likely to lead the trade or public to associate Defendant with Plaintiff;

2.     That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

3.     That Defendant, its partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with it or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.     That Defendant be ordered to recall all infringing products bearing the NORTHSTAR mark in the marketplace from retailers;

5.     That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's NORTHSTAR mark, in an amount to be determined at trial;

6.     That Plaintiff's damages be trebled and that Defendant be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.     That Plaintiff be awarded punitive damages as a result of Defendant's conduct; and

8.     That Plaintiff be granted such other and further relief as this Court shall deem just and proper on the merits.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1

## JURY DEMAND

2    Plaintiff hereby requests a trial by jury in this matter.

3    Dated: April 30, 2015.

4

5                                    CHRISTENSEN O'CONNOR
                                     JOHNSON KINDNESS<sup>PLLC</sup>

6
                                     s/ Brian F. McMahon
7                                    _____
                                     Brian F. McMahon, WSBA No.: 45,739
                                     E-mail:  brian.mcmahon@cojk.com,
8                                    litdoc@cojk.com
                                     1201 Third Avenue, Suite 3600
9                                    Seattle, WA  98101
                                     Telephone:  206.682.8100
10                                   Fax:  206.224.0779

11

12                                   DICKENSON, PEATMAN & FOGARTY

13                                   s/ J. Scott Gerien
                                     _____
14                                   J. Scott Gerien (*pro hac vice* pending)
                                     E-mail: Sgerien@dpf-law.com
15                                   1455 First Street, Ste. 301
                                     Napa, California  94559
16                                   Telephone: 707-252-7122
                                     Facsimile: 707-255-6876
17
                                     Attorneys for Plaintiff,
18                                   Ste. Michelle Wine Estates Ltd.

19

20

21

22

23

24

25

26

27

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100